FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 FEB 21 AM 8:42
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| NOEL ARNOLD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 312-063 |
| ) | (Formerly CR 310-012) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Noel Arnold, an inmate at the Federal Correctional Institution in Miami, Florida, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. This case is now before the Court on Respondent's motion to dismiss Petitioner's § 2255 motion. (Doc. no. 4.) Petitioner opposes the motion to dismiss. (Doc. no. 5.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **GRANTED**, that the instant § 2255 motion be **DISMISSED** without an evidentiary hearing, and that this civil action be **CLOSED**.

## I. BACKGROUND

In October of 2010, a federal grand jury indicted Petitioner and two co-defendants on one count of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and one count of using, carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). United States v. Arnold, CR 310-012, doc. no. 1 (S.D. Ga.

Oct. 14, 2010) (hereinafter "CR 310-012"). Pursuant to a written plea agreement, Petitioner pleaded guilty to the first count, armed bank robbery. Id., doc. no. 44. Petitioner's plea agreement included a broad appeal and collateral attack waiver provision that stated in relevant part:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court . . . .

Id. at 2-3. In addition, by signing the plea agreement, Petitioner attested that he had read and understood the plea agreement and that the plea agreement accurately set forth the terms and conditions of his agreement with the government. Id. at 8.

The Honorable Dudley H. Bowen, Jr., United States District Judge, held a guilty plea hearing on February 7, 2011. During that hearing, Petitioner, who was represented by retained counsel, testified under oath that he was entirely satisfied with his lawyer's representation and his handling of the case, and that he had been afforded sufficient time to discuss the matter and prepare it with his lawyer. Id., doc. no. 63, p. 6. In addition, Judge Bowen summarized the terms of the plea agreement, specifically addressing the appeal and collateral attack waiver as follows:

> In your plea agreement, you have agreed to plead guilty to Count One which is the armed bank robbery charge. You have agreed to pay full restitution, that is, to pay all the money back. You have agreed to waive your right to any appeal. And that is a [waiver] of giving up any right to file a Habeas Corpus proceeding to attack the fact of conviction. However, if you for some reason are sentenced above the guideline range or above the sentencing range, you

would get your right to appeal back. But you would not get any return of any
right to file a Habeas Corpus proceeding to challenge the fact of conviction.

Id. at 10. Petitioner affirmed that he understood that explanation of the plea agreement, including the appeal and collateral attack waiver. Id. at 11.

Judge Bowen also explained at the plea hearing that the maximum penalty for Petitioner's crime was a prison term of not more than 25 years, a fine of not more than $250,000.00, and a term of supervised release of not more than five years plus a $100.00 special assessment. Id. at 8. Furthermore, in response to questions asked by Judge Bowen, Petitioner averred that no one had threatened, forced, or pressured him to plead guilty and that no one had made him any promise, guarantee, or prophesy that he would receive a particular sentence. Id. at 10-11. Following a government witness's presentation of a factual basis for the guilty plea, Judge Bowen asked Petitioner if he disagreed with any portion of those facts, at which point Petitioner noted that he disagreed with the description of the weapon or weapons used in the robbery. Id. at 15. Specifically, Petitioner asserted that he had in fact used a "BB gun" rather than an actual firearm in the robbery, and that he did not use the BB gun to make any threats of violence against the bank tellers working at the bank the day of the robbery. Id. at 15-19. Following his explanation of his disagreement, Petitioner nonetheless stated that he was guilty of armed bank robbery and wished to plead guilty to Count One of the indictment. Id. at 19, 21.

After the guilty plea hearing, the United States Probation Office prepared a presentence investigation report ("PSI"), to which Petitioner objected. Id., doc. no. 64, pp. 13-17. More specifically, Petitioner objected to the sentencing enhancements for his

3

leadership role in the robbery as well as his use of a firearm in the robbery. (Id.) During Petitioner's sentencing hearing, which was held on July 20, 2011, Petitioner submitted as an exhibit the BB gun that he asserted was used in the robbery, and Judge Bowen and counsel for both sides extensively questioned him, as well as the two bank tellers who were working at the bank on the day of the robbery, concerning that gun and the general circumstances of the robbery. Id. at 18-49. Petitioner maintained that it was the only weapon used during the robbery and that "nobody really used it," in that it was never pointed at anyone or fired, although Petitioner did have possession of it at certain instances.[1] Id. at 19, 22, 26. Petitioner further denied a history of owning guns, although Ms. Riner reported otherwise. Id. at 27.

Taking into consideration the arguments of counsel for both sides as well as the testimony of Petitioner and the two bank tellers, Judge Bowen found that two firearms were used in the robbery and that, moreover, "it is virtually an inescapable conclusion that they were," in fact, firearms. Id. at 54. In other words, they "were not BB guns," but rather "devices designed to expel a projectile through the use of an explosive or gunpowder." Id. Judge Bowen further stated, "It is my conclusion that Mr. Arnold flat out lied about this air pistol," noting additionally that the BB gun submitted as an exhibit was "a pretty obvious BB gun and a piece of junk," and that the bank tellers' testimony "clearly demonstrate[d] their understanding of what they saw." Id. at 55. Accordingly, Judge Bowen added two points

---

[1] Petitioner robbed the bank with the cooperation and assistance Jimmy McBride, his half-brother and co-defendant in the underlying criminal proceeding, whom he alleged also controlled the BB gun during the robbery, as well as Brittany Riner, his girlfriend and the mother of two of his children. CR 310-012, doc. no. 64, pp. 26-28, 52.

4

to Petitioner's offense level computation for obstruction of justice based on lying to the court, removed the two-point enhancement for Petitioner's leadership role in the robbery, and declined to grant a three-point reduction for acceptance of responsibility, resulting a total offense level of 35. Id. at 58; PSI ¶¶ 30-42. Petitioner was accordingly sentenced to 240 months of imprisonment, which is "[n]ot quite to the upper end of the guideline range," and to 5 years of supervised release. CR 310-012, doc. no. 64, p. 76; doc. no. 53, pp. 2-3. Petitioner was also made jointly and severally liable – along with his two co-defendants – for $21,650.00 in restitution. Id., doc. no. 64, p. 79; doc. no. 53, p. 5.

On August 4, 2011, despite the terms of his plea agreement, Petitioner filed a notice of appeal. Id., doc. no. 57. On March 1, 2012, the Eleventh Circuit Court of Appeals granted the Government's motion to dismiss the appeal based on the appeal waiver in Petitioner's plea agreement. Id., doc. no. 66.

Petitioner then proceeded to file the instant § 2255 motion, which is dated July 6, 2012, and was received and filed by the Clerk of Court on July 26, 2012. (Doc. no. 1, pp. 1, 13.) Petitioner asserts a single claim: that his trial counsel provided ineffective assistance of counsel by "failing to specifically request any surveillance video of the bank robbery once it was notice[d] that it was not [included] in the discovery packet." (Id. at 4.) Respondent contends that Petitioner's § 2255 motion should be dismissed because his claim is barred by the collateral attack waiver set forth in his plea agreement. (Doc. no. 4, p. 4.) Following Respondent's motion to dismiss, Petitioner submitted a reply in which he asserts that, on the contrary, his claim in fact challenges the validity of his guilty plea and is thus not barred by

the collateral attack waiver. (See generally doc. no. 5.) The Court resolves the matter as follows.

## II. DISCUSSION

### A. No Need For Evidentiary Hearing

Petitioner requests an evidentiary hearing in his § 2255 motion. (Id. at 13.) With regard to that request, the Eleventh Circuit follows the general rule "that effective assistance claims will not be addressed on direct appeal from a criminal conviction because an evidentiary hearing, available in a section 2255 proceeding, is often required for development of an adequate record." Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984). Nonetheless, this general rule does not require the Court to hold an evidentiary hearing every time an ineffective assistance of counsel claim is raised. Id. Stated another way, "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989). Moreover, a petitioner is not entitled to an evidentiary hearing where he asserts only conclusory allegations. Lynn v. United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004); see also Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (noting that petitioner is not entitled to an evidentiary hearing if his claims "are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible").

As described in detail below, the Court finds that Petitioner's § 2255 claim is barred from review. Thus, no evidentiary hearing is necessary in this case. Accordingly, Petitioner's apparent request for an evidentiary hearing should be denied.

6

## B. Petitioner's § 2255 Claim Is Barred by the Collateral Attack Waiver in His Plea Agreement

It is well settled that a waiver of the right to collaterally attack a sentence is only enforceable if the waiver is knowing and voluntary. United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); United States v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993).[2] "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333. If the government meets this burden in the instant case, then Petitioner's claims are barred from review. See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (*per curiam*) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

Here, Respondent has met its burden in demonstrating the existence of a valid collateral attack waiver. The plea agreement signed and verified by Petitioner fully set forth that, as a condition of his guilty plea, he was waiving any right to collateral attack of his sentence or the knowing and voluntary nature of his guilty plea. See CR 310-012, doc. no. 44, pp. 2-3 ("To the maximum extent permitted by federal law, the Defendant . . . voluntarily and expressly waives the right to appeal the conviction and sentence and the right to

---

[2]Case law concerning waiver of a direct appeal has also been applied to waiver of the right to collateral proceedings. See Bushert, 997 F.2d at 1345; see also Vaca-Ortiz v. United States, 320 F. Supp.2d 1362, 1365-67 (N.D. Ga. 2004).

7

collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding...."). Judge Bowen thoroughly went over Petitioner's plea agreement and specifically reviewed the waiver provisions at the plea colloquy. Id., doc. no. 63, p. 10. After Judge Bowen concluded his review of the plea agreement, Petitioner acknowledged that he understood and agreed with the terms of the plea agreement as explained by Judge Bowen. Id. at 11.

The record before the Court therefore demonstrates that the collateral attack waiver was knowing and voluntary. While Petitioner would have the Court ignore his responses to Judge Bowen's questions, "solemn declarations in open court [at a guilty plea hearing] carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Thus, the Court concludes that the collateral attack waiver is valid and that Petitioner's claim is barred by the waiver.

In making this determination, the Court is aware that Petitioner's § 2255 claim involves an assertion of ineffective assistance of trial counsel. "An ineffective assistance of counsel argument survives a waiver of appeal [or collateral attack] only when the claimed assistance directly affected the validity of that waiver or the plea itself." Williams v. United States, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005) (quoting United States v. White, 307 F.3d 506, 508-09 (5th Cir. 2002)).

Here, despite the arguments that Petitioner makes in his reply to Respondent's motion to dismiss (see doc. no. 5), it is clear that Petitioner's assertion of ineffective assistance of counsel pertains to the effect of counsel's actions on Petitioner's eventual sentencing rather

8

than to the validity of Petitioner's guilty plea. In his petition, Petitioner asserted as his sole ground for relief that his counsel was ineffective in failing to seek the disclosure of "any surveillance video" of the bank robbery. (Doc. no. 1, p. 4.) Petitioner then specifically explained that the effect of the disclosure of such a video would be to nullify the factual basis that Judge Bowen relied on in enhancing Petitioner's offense level by two points for obstruction of justice and in declining to grant a reduction in his offense level for acceptance of responsibility. (Id.) Petitioner additionally submitted a brief addressing the same subject in greater detail; that brief also directly linked his claim concerning the video to his challenge to the length of his sentence and did not address whatsoever the alleged invalidity of his guilty plea. (Doc. no. 2, p. 5.)

In fact, it was not until after Respondent filed its motion to dismiss and asserted therein that Petitioner's claim was barred by the collateral attack waiver – and, notably, specifically informed Petitioner that only claims of attorney ineffectiveness that "directly affected the validity of that waiver or the plea itself" could avoid the bar (doc. no. 4, p. 7) – that Petitioner endeavored to couch his claim as one that addressed those issues (see generally doc. no. 5).[3] In short, the Court will not entertain Petitioner's after-the-fact attempt to recast his claim as one that bypasses his knowingly and voluntarily entered guilty plea where, as here, the record clearly demonstrates otherwise. Instead, the Court finds that Petitioner's ineffective assistance of counsel claim "[does] not concern representation

---

[3]The Court additionally notes that Petitioner voiced his disagreement with the factual basis for his guilty plea – his asserted use of a BB gun instead of a legitimate firearm – at the plea hearing, but still admitted his guilt as to the crime and opted to plead guilty after clearly affirming his understanding of the plea agreement. CR 310-012, doc. no. 63, pp. 11-21.

relating to the validity of the plea or waiver." Williams, 396 F.3d at 1342 n.2. As a result, Petitioner's § 2255 claim is barred by the collateral attack waiver in his plea agreement, and Respondent's motion to dismiss the instant § 2255 motion should be granted.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED** (doc. no. 4), that the instant § 2255 motion be **DISMISSED** without an evidentiary hearing, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED on this 21st day of February, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE