IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| NOEL ARNOLD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 315-034 |
| | ) | (Formerly CR 310-012) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at the Federal Correctional Institution in Miami, Florida, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DISMISSED** on the basis that it is successive and the Eleventh Circuit Court of Appeals has not authorized consideration of any such claim, and that this civil action be **CLOSED**.

**I. BACKGROUND**

On October 14, 2010, the grand jury in the Southern District of Georgia indicted Petitioner and two co-defendants on one count of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and one count of using, carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). United States v.

Arnold, CR 310-012, doc. no. 1 (S.D. Ga. Oct. 14, 2010) ("CR 310-012"). Represented by retained counsel, on February 7, 2011, Petitioner pled guilty to the armed bank robbery count before United States District Judge Dudley H. Bowen, Jr. Id., doc. no. 43-45. As part of the plea agreement, the government dismissed the firearm count. Id., doc. no. 44, pp. 2. Petitioner's plea agreement included a broad appeal and collateral attack waiver provision that stated in relevant part:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

Id. at 2-3. Judge Bowen explained at the plea hearing that the maximum penalty for Petitioner's crime was a prison term of not more than twenty-five years, a fine of not more than $250,000.00, a term of supervised release of not more than five years, and a $100.00 special assessment. Id., doc. no. 63, p. 8.

On July 20, 2011, Judge Bowen sentenced Petitioner to 240 months of imprisonment, which was "[n]ot quite to the upper end of the guideline range," and to five years of supervised release. Id., doc. no. 64, p. 76; doc. no. 53, pp. 2-3. Petitioner was also made jointly and severally liable with his two co-defendants for $21,650.00 in restitution. Id., doc. no. 64, p. 79; doc. no. 53, p. 5. On August 4, 2011, despite the terms of his plea agreement, Petitioner filed a notice of appeal. Id., doc. no. 57. On March 1, 2012, the Eleventh Circuit Court of Appeals granted the Government's motion to dismiss the appeal based on the appeal waiver. Id., doc. no. 66.

The Clerk of Court then filed Petitioner's first § 2255 motion in this Court on July 16, 2012. See Arnold v. United States, CV 312-063, doc. no. 1 (S.D. Ga. July 26, 2012) ("CV 312-063"). Petitioner raised a single ground for relief: that his trial counsel provided ineffective assistance of counsel by "failing to specifically request any surveillance video of the bank robbery once it was notice[d] that it was not [included] in the discovery packet." Id. at 4. Respondent moved to dismiss based on the assertion that the claim was barred by the collateral attack waiver set forth in the plea agreement. Id., doc. no. 4, p. 4. On March 25, 2013, Judge Bowen determined that Petitioner was not entitled to relief under § 2255 because the collateral attack waiver was valid. Id., doc. nos. 6, 9. The Eleventh Circuit denied Petitioner a certificate of appealability initially and on reconsideration. Id., doc. nos. 14, 15.

On November 24, 2014, Petitioner moved for relief from the judgment denying his first § 2255 motion pursuant to Federal Rules of Civil Procedure 60(b). Id., doc. no. 16. Petitioner asserted that the District Court erred in dismissing his first § 2255 as barred by his collateral attack waiver because of an October 14, 2014 policy change by the Department of Justice ("DOJ") concerning enforcement of appeal and collateral attack waivers. CR 310-012, doc. no. 116. The DOJ memorandum regarding this policy change states:

> For cases in which a defendant's ineffective assistance claim would be barred by a previously executed waiver, prosecutors should decline to enforce the waiver when defense counsel rendered ineffective assistance resulting in prejudice or when the defendant's ineffective assistance claim raises a serious debatable issue that a court should resolve.

See Memorandum from James M. Cole, Deputy Attorney General, to All Federal Prosecutors (Oct. 14, 2014), *available at* http://www.justice.gov/sites/default/files/press-releases/

3

attachments/2014/10/15/dept-policy-on-waivers-of-claims-of-ineffective-assistance-of-counsel.pdf.

Judge Bowen denied this motion on January 7, 2015, stating that Petition had "failed to show the invalidity of the collateral attack waiver." Id., doc. no. 20. Additionally, Judge Bowen found that Petitioner's claims, "no matter how they are couched, are barred from review" and that Rule 60(b) was never intended to permit parties to relitigate the merits of claims, or to raise new claims that could have been asserted during the litigation of the case. Id.

Petitioner has now ostensibly filed another § 2255 motion to vacate, set aside, or correct his sentence, which he signed on March 31, 2015, and the Clerk of Court docketed on April 6, 2015. (Doc. no. 1.) Although Petitioner asserts two grounds for relief, the first ground is merely a legal argument that the DOJ policy change entitles him to reassert his second ground, which is the same ineffective assistance of counsel claim raised in his first § 2255 regarding defense counsel's purported failure to request surveillance video of the robbery. (Id. at 6, 20-22.) Petitioner repeats the argument from his Rule 60(b) motion that the District Court erred in dismissing his first § 2255 as barred by his collateral attack waiver because of the DOJ policy change. (Id. at 14-26.) Petitioner also argues that he is not required to seek authorization from the Eleventh Circuit Court of Appeals to file a second or successive § 2255 motion as required by 28 U.S.C. §§ 2255 and 2244(b) because the DOJ policy change occurred after he filed his first § 2255 motion and thus his ineffective assistance of counsel claim was not previously available to him. (Id.)

## II. DISCUSSION

The successive motion restrictions enacted by AEDPA, codified at 28 U.S.C. §§ 2255 and 2244(b), provides in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(2). Section 2244, in turn, provides that prior to filing a successive petition in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also In re Joshua, 224 F.3d 1281, 1281 (11th Cir. 2000) (citing 28 U.S.C. §§ 2255 & 2244(b)(3)).

In Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011), the court distinguished between numerically second § 2255 motions and those that were barred as second or successive, holding that the petitioner's numerically second motion was *not* second or successive because the claim asserted therein, improper sentencing as a career offender, was not yet ripe at the time of his first motion because the predicate state convictions had not yet been vacated. In doing so, the Stewart court cited to Leal Garcia v. Quarterman, 573 F.3d 214, 222 (5th Cir. 2009), noting that, like in that case, petitioner's motion fell within a "small subset of unavailable claims that must not be categorized as successive." Stewart, 646 F.3d at 863. The Stewart court further noted that the Fifth Circuit's approach in Leal

Garcia "is consonant with the Supreme Court's reasoning in" Panetti v. Quarterman, 551 U.S. 930 (2007). Id. at 862.

Leal Garcia explained that "[n]ewly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition." Leal Garcia, 573 F.3d at 221 (emphasis in original). AEDPA was specifically designed to protect against prisoners "repeatedly [attacking] the validity of their convictions and sentences" as "the legal landscape shifts." Id. at 221-22. Likewise, "claims based on a *factual* predicate not previously discoverable are successive," but if the alleged defect did not exist or did not ripen until after adjudication on the merits of the previous petition, *e.g.*, an order vacating a federal prisoner's predicate state convictions used to enhance the federal sentence, a claim may be part of a small subset of claims not considered second or successive. Stewart, 646 F.3d at 863 (citing Leal Garcia, 573 F.3d at 221, 222).

Here, the Court dismissed Petitioner's first § 2255 motion because it was barred by the collateral attack waiver. See CV 312-063, doc. nos. 6, 9. Petitioner argues that the DOJ policy change constitutes a new "fact" that did not arise or ripen until after the District Court dismissed his previous petition, and therefore his ineffective assistance claim should be decided on its merits. This is incorrect because Judge Bowen already considered and rejected this very same argument by Petitioner regarding the DOJ policy change in the context of Petitioner's first § 2255 proceeding, when denying Petitioner's Rule 60(b) motion. CR 310-012, doc. no. 117. Thus Petitioner's second attempt to make this argument in the present § 2255 is improper. See Williams v. Chatman, 510 F.3d 1290, 1295 (11th Cir. 2007) ("Because he was attempting to relitigate previous claims that challenge the validity of his

6

conviction, [petitioner] was required to move this Court for an order authorizing the district court to consider a successive habeas petition.")

Nor is there any merit to Petitioner's argument that his motion is not second or successive under Stewart. A claim based on a mere change in DOJ policy does not constitute a new "fact" as contemplated by Stewart and Leal Garcia. The courts in Stewart and Leal Garcia, found, respectively, that an exceeding narrow subset of numerically second claims fall outside the capacious scope of claims considered to be second or successive. Examples are limited to extraordinary factual developments such as (1) an order vacating a federal prisoner's predicate state convictions used to enhance the federal sentence and (2) a state's refusal to comply with the President's declaration ordering states to observe an International Court of Justice decision. Conversely, a policy that merely affords the government discretion whether to enforce a collateral attack waiver does not entitle a petitioner to assert a new claim. This is particularly true where, as here, the government has steadfastly sought enforcement of the collateral attack waiver without exercising its discretion under the DOJ policy change to decline enforcement. In short, the DOJ has not applied the policy change to Petitioner and therefore there has been no new development in this case. Furthermore, Judge Bowen has already upheld Petitioner's collateral attack waiver when faced with Petitioner's change of policy argument and the government's response. See CR 310-012, doc. no. 117.

Thus, the present § 2255 is properly classified as "second or successive." Absent authorization from the Eleventh Circuit, this Court lacks jurisdiction to consider Petitioner's current motion. See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (determining that "the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition").

### III. CONCLUSION

Based on an initial review of the motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 be **DISMISSED** on the basis that it is successive and the Eleventh Circuit Court of Appeals has not authorized consideration of any such claim, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 19th day of May, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA