ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2016 JAN 11 PM 3:55

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

NOEL ARNOLD,

 Petitioner,

vs.

UNITED STATES OF AMERICA,

 Respondent.

CIVIL ACTION NO. CV 312-063
(underlying CR 310-012)

# ORDER

On July 16, 2012, Petitioner Noel Arnold initiated the instant case by moving to vacate, set aside, or correct his criminal sentence pursuant to 28 U.S.C. § 2255. He claimed that his trial counsel had been ineffective for failing to obtain bank surveillance video that supposedly would have demonstrated that he did not use a real gun in the bank robbery. The Government moved to dismiss Arnold's petition based upon the collateral attack waiver in his plea agreement. This Court dismissed the petition on that basis. (Order of Mar. 25, 2013, adopting the Report and Recommendation of Feb. 21, 2013.) Both this Court and the Eleventh Circuit denied Arnold a certificate of appealability.

In November 2014, Arnold filed a motion pursuant to Federal Rule of Civil Procedure 60(b), arguing that this Court had mistakenly relied upon the collateral attack waiver since the Department of Justice ("DOJ") had announced a new policy not to enforce collateral attack waivers in certain circumstances involving ineffectiveness claims. (See Doc. No. 22, Gov't Resp. to Mot. to Reopen Case, at 2 (quoting Memo. from James M. Cole, Deputy Att. Gen., to All Federal Prosecutors (Oct. 14, 2014)[1]).) This Court rejected Arnold's attempt to essentially press his ineffective assistance claim past his collateral attack waiver, finding that he had failed to demonstrate the invalidity of his waiver regardless of the Government's new policy. (Order of Jan. 7, 2015.)

Arnold did not appeal this Court's Order denying his Rule 60(b) motion; rather, Arnold filed a new § 2255 petition, repeating his claim that his attorney failed to obtain bank surveillance video. (See Arnold v. United States, CV 3:15-034 (S.D. Ga. Apr. 6, 2015.) In anticipation of the collateral attack waiver hurdle, Arnold pointed to the new DOJ policy. Indeed, Arnold argued that because of the new DOJ policy, his

---

[1] In particular, the Memo states: "For cases in which a defendant's ineffective assistance claim would be barred by a previously executed waiver, prosecutors should decline to enforce the waiver when defense counsel rendered ineffective assistance resulting in prejudice or when the defendant's ineffective assistance claim raises a serious debatable issue that a court should resolve."

2

ineffective assistance of counsel claim was not previously available to him and therefore he was not required to seek authorization from the Eleventh Circuit to file a second or successive § 2255 petition.

On May 19, 2015, the United States Magistrate Judge issued a Report and Recommendation rejecting Arnold's arguments and concluding that this second § 2255 petition (CV 3:15-034) should be dismissed as second or successive. Specifically, the Magistrate Judge pointed out that this Court had addressed Arnold's "new DOJ policy" argument in denying his Rule 60(b) motion in this case. Moreover, the new DOJ policy did not constitute a new "fact" placing his claim into a very narrow subset of numerically second claims that are not considered to be second or successive. Finally, the Magistrate Judge noted that the Government had not exercised its discretion under the DOJ policy to decline enforcement of the collateral attack waiver in Arnold's case. (See Doc. No. 2, CV 3:15-034.) This Court adopted the Report and Recommendation on June 15, 2015, dismissed the § 2255 petition, and closed the case. Arnold appealed.

On October 19, 2015, the Eleventh Circuit dismissed Arnold's appeal of the dismissal of his second § 2255 petition in CV 3:15-034. The Eleventh Circuit explained that Arnold's second § 2255 petition contained two meritless claims. The

first, that his counsel was ineffective for failing to obtain bank surveillance video, was litigated in his first § 2255 motion and therefore is impermissibly successive. The second, that the Court erred in dismissing his first § 2255 motion in light of the new DOJ policy, was actually an attack on the judgment in his first § 2255 proceedings, and as such, could not be properly included in a § 2255 petition. (See Doc. No. 11, CV 3:15-034.) Thereupon, the Eleventh Circuit dismissed Arnold's appeal in his second § 2255 case.

Presently, Arnold has filed a "Motion to Reopen Habeas Proceedings" under Federal Rule of Civil Procedure 60(b) in the instant case.[2] Arnold contends that his motion is at the "suggestion" of the Eleventh Circuit. Arnold points to the fact that the Eleventh Circuit cited to Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011) and stated in a descriptive parenthetical "that a federal prisoner may use Rule 60(b) to 'point[] out a defect in the integrity of the earlier § 2255 motion proceeding.'" Arnold seizes upon this parenthetical to file the current Rule 60(b) motion.

---

[2] The Clerk mistakenly filed this motion in Arnold's second § 2255 case-CV 3:15-034-as well. Arnold, however, seeks only to reopen this first § 2255 case (specifically referencing only CV 3:12-063). Besides, the Eleventh Circuit expressly barred any argument based upon the new DOJ policy in the second § 2255 case. Accordingly, the Clerk is directed to **TERMINATE** the motion to reopen the case docketed in CV 3:15-034.

4

Through the instant Rule 60(b) motion, Arnold not only urges the new DOJ policy as a reason to ignore the collateral attack waiver and reach the merits of his ineffective assistance claim, but he contends that this Court is "required" to reach the merits of his claim because the Eleventh Circuit has "suggested" that the new DOJ policy has exposed a defect in the integrity of these § 2255 proceedings.

The Court has thoroughly reviewed the Eleventh Circuit's dismissal order relied upon by Arnold and determined that it does not require this Court to reach the merits of his claim through the Rule 60(b) motion. Instead, in citing <u>Gilbert</u>, the Eleventh Circuit simply held that a second § 2255 petition is not a proper vehicle to challenge a prior § 2255 judgment; rather, a Rule 60(b) motion is. While stating this general proposition of law emboldened Arnold to file the present motion, it does not mandate a change in the Court's analysis as to the propriety of reopening the Court's earlier judgment in this case.

Turning now to the merits of Arnold's Rule 60(b) motion, the Court emphasizes that it has previously determined that the new DOJ policy does not affect or preclude the enforcement of Arnold's collateral attack waiver. As before, Arnold has not demonstrated that the collateral attack waiver is invalid. Further, the Government has chosen to exercise its discretion

5

under the policy to continue to rely upon the collateral attack waiver. (See Gov't Resp. to Mot. to Reopen, at 5.) A Rule 60(b) motion may not be used to permit parties to relitigate the merits of claims. Gonzalez v. Sec. for Dep't of Corrections, 366 F.3d 1253, 1291-92 (11th Cir. 2004). Arnold's claim that the new DOJ policy precludes the application of his collateral attack waiver has been litigated and rejected, and nothing has changed to warrant reconsideration.

Upon the foregoing, Arnold's attempt to relitigate the effect of the new DOJ policy through this second Rule 60(b) motion is misplaced. Accordingly, his motion to reopen this case (doc. no. 21) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this _11th_ day of January, 2016.

_____
UNITED STATES DISTRICT JUDGE