IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

UNITED STATES OF AMERICA           *
                                   *
v.                                 *      CR 310-012
                                   *
NOEL ARNOLD                        *

---

O R D E R

---

On December 8, 2020, Defendant Noel Arnold filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) claiming to have a medical condition that makes him a more serious health risk in the present circumstances of the COVID-19 pandemic. The Government opposes the motion.

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. In consideration of a compassionate release motion, the Court is constrained to follow the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The existing policy statement, U.S.S.G. § 1B1.13, provides that in addition to the existence of extraordinary and compelling reasons, the defendant must not present a danger to the safety of any other person or the community. Application Note 1

lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C).[1]

Defendant's motion possibly implicates the first category. The Sentencing Commission has clarified that a "serious physical

---

[1] The application note also provides a catch-all category: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D). Defendant argues that the First Step Act of 2018 invalidated that portion of the catch-all provision requiring a recommendation from the BOP Director. He contends the Court can now assess any circumstances to determine whether extraordinary and compelling reasons exist. While Defendant's contention in this regard is not without support, this Court concludes that the policy statement of the United States Sentencing Commission remains an appropriate and valid statement of policy, which this Court must follow. See 28 U.S.C. § 944(t). Indeed, § 3582(c)(1)(A) as amended by the FSA *still* requires courts to abide by policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). Accordingly, this Court will not consider circumstances outside of the specific examples of extraordinary and compelling reasons to afford relief. Accord, e.g., United States v. Winner, 464 F. Supp. 3d 1375 (S.D. Ga. 2020); United States v. Lynn, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 12, 2019) ("If the policy statement needs tweaking in light of Section 603(b) [of the First Step Act], that tweaking must be accomplished by the [Sentencing] Commission, not by the courts."); United States v. Johns, 2019 WL 2646663 (D. Ariz. June 28, 2019); United States v. Gross, 2019 WL 2437463 (E.D. Wash. June 11, 2019); United States v. Heromin, 2019 WL 2411311 (M.D. Fla. June 7, 2019); United States v. Willis, 2019 WL 2403192 (D.N.M. June 7, 2019); United States v. Shields, 2019 WL 2359231 (N.D. Calif. June 4, 2019) (stating that there is no "authority for the proposition that the Court may disregard guidance provided by the Sentencing Commission where it appears that such guidance has not kept pace with statutory amendments").

or medical condition" "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii). In this case, Defendant submits that his hypertension, in conjunction with COVID-19 should he contract it, satisfy this criteria.

Hypertension is listed by the CDC as a condition that "might" place a person with COVID-19 "at an increased risk for severe illness." See Centers for Disease Control, *People with Certain Medical Conditions,* available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on January 20, 2021). However, at this point, the Court cannot conclude that the "might" category qualifies an illness as sufficiently serious to warrant compassionate release in and of itself. Notably, the Government has submitted Defendant's inmate medical records, which show that other than hand surgery and recent elevated blood pressure, for which he has been placed on medication, Defendant, who is only 44-years old, has had no significant medical issues in the last year. (See generally Gov't Resp. in Opp'n, Doc. No. 165, Ex. A.) In short, Defendant has not established extraordinary and compelling reasons justifying his release.

Further, prior to ordering release, the Court must consider the sentencing factors of 18 U.S.C. § 3553(a). See 18 U.S.C. §

3

3582(c)(1)(A). In Defendant's case, these factors weigh against his release in light of the nature and circumstances of his offense (armed bank robbery) and his significant criminal history. Also, even with good time credit, Defendant has seven years remaining on his sentence; early termination of his sentence would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence. Finally, given the specific facts of Defendant's crime, the Court cannot conclude that he is not a danger to the community as required by U.S.S.G. § 1B1.13. Thus, the Court would not exercise its discretion to release Defendant even if he qualified for release under the compassionate release provision.

Upon the foregoing, Defendant's motion for compassionate release (doc. no. 160) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of January, 2021.

*/s/ Dudley H. Bowen*
UNITED STATES DISTRICT JUDGE

4