IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 310-012 |
| | * | |
| NOEL ARNOLD | * | |

O R D E R

The First Step Act of 2018 ("FSA") amended 18 U.S.C. § 924(c)(1)(C), which subjected a defendant convicted of multiple § 924(c) charges to a mandatory minimum sentence of 25 years in prison for the second and each subsequent § 924(c) conviction, consecutive to all other sentences, even if the second or subsequent conviction was obtained in the same prosecution as the first § 924(c) conviction. This was called the "stacking" provision. Section 403 of the FSA modified the law to require the existence of a prior § 924(c) conviction "that has become final" before an enhancement may apply. See 18 U.S.C. § 924(c)(1)(C). Congress, however, did not make this statutory amendment retroactive.

Presently, Defendant Noel Arnold seeks relief based upon the Section 403 of the FSA through the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). To receive compassionate release, a defendant must establish three conditions: (1) the existence of

extraordinary and compelling circumstances; (2) adherence to the United States Sentencing Commission's Policy Statement, U.S.S.G. § 1B1.13 (including a finding that the defendant is not a danger to the community); and (3) support in the sentencing factors of 18 U.S.C. § 3553(a). United States v. Tinker, 14 F.4th 1234, 1237-38 (11th Cir. 2021). Absence of even one of these requirements would foreclose a sentence reduction. Id.; United States v. Giron, 15 F.4th 1343, 1348 (11th Cir. 2021) ("[C]ompassionate release is permissible only if all three findings are made.").

Through his motion, Defendant argues that the Policy Statement, which was recently amended on November 1, 2023, now provides an applicable extraordinary and compelling reason to allow a sentence reduction. In particular, the Policy Statement provides that an unusually long sentence may constitute an extraordinary and compelling reason to grant compassionate release:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). Citing this category, Defendant essentially claims that if he were sentenced today, he would not

2

be subject to a "stacked 20 year sentence." (Def.'s Mot., Doc. No. 172, at 7.)

The Government opposes Defendant's motion on several grounds, including that § 1B1.13(b)(6) is an invalid exercise of the Sentencing Commission's statutory authority. The Court need not address this contention because Defendant's sentence was not stacked. In fact, Defendant was not convicted on a § 924(c) charge; rather, he was convicted on a single count of armed bank robbery. The § 924(c) charge in Count Two of the indictment was dismissed. Accordingly, Section 403 of the FSA has no application to Defendant's sentence, and thus, he was not subjected to an unusually long sentence.

Even though he has utterly failed to establish an extraordinary and compelling reason warranting compassionate release, the Court is constrained to note that even if he had, it cannot be said that Defendant is not a danger to the community based upon his criminal history and the nature and circumstances of his offense. Moreover, the sentencing factors of § 3553(a) weigh against Defendant's release because a reduction to his imposed sentence would not be consistent with the serious nature and circumstances of his offense, his criminal history, and the need to ensure adequate deterrence.

Upon the foregoing, Defendant Arnold's motion for compassionate release (doc. no. 172) is **DENIED**. The Clerk is

directed to **TERMINATE** the Government's motion to dismiss Defendant's motion (doc. no. 175).

**ORDER ENTERED** at Augusta, Georgia, this 27th day of December, 2023.

_____
UNITED STATES DISTRICT JUDGE